United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | CRIMINAL ACTION NO. H-11-0844 |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-0780 |
| ORLANDO ABAD-LOPEZ. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Orlando Abad-Lopez, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 93.) The Government responded and filed a motion for summary judgment (Docket Entry No. 98), to which Defendant filed a response (Docket Entry No. 101).

Based on consideration of the pleadings, the motions, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DENIES the section 2255 motion, as follows.

*Procedural Background and Claims*

On April 18, 2013, Defendant waived indictment and pleaded guilty with a written plea agreement to the charge of receiving stolen goods in violation of 18 U.S.C. § 2315. On September 10, 2013, the Court sentenced him to thirty-nine months incarceration in the Bureau of Prisons, to be followed by a three-year term of supervised release. Defendant appealed the conviction and sentence, but the Fifth Circuit Court of Appeals dismissed the appeal as frivolous.

In his instant motion for relief, Defendant argues that his attorney at sentencing should have objected to the Court's determination that his total offense level was 24[1] and to the Court's assessment of criminal history points for a prior conviction that was more than "10 years old." The Government contends that this claim is nothing more than a challenge to the manner in which the sentence was determined, and is subject to the waiver provision of the written plea agreement.

## *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32

---

[1] The Court deducted three levels from the total offense level of 24 for Defendant's acceptance of responsibility. Thus, Defendant's total offense level for sentencing purposes was 21, prior to departures. (Docket Entry No. 74.)

F.3d 194, 196 (5th Cir. 1994). Moreover, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default, and actual prejudice resulting from the error. *Placente*, 81 F.3d at 558.

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

### *Analysis*

Defendant complains in this motion that the Court incorrectly applied the advisory federal Sentencing Guidelines by computing his guideline sentence from a total offense level of 24 and by adding two points to his criminal history score by counting his 1999 conviction for burglary. Although clearly a challenge to the computation of his sentence, Defendant construes his claim as one for counsel's ineffective assistance in failing to object to the

3

Court's computation at sentencing. Consequently, to the extent Defendant's claim is a challenge to the computation of his sentence, it is waived by the terms of his written plea agreement.

Moreover, Defendant complained in his *pro se* response on direct appeal that the Court improperly used the 1999 conviction to increase his criminal history and ultimately his sentence. The Fifth Circuit Court of Appeals dismissed the appeal as frivolous, specifically noting its consideration of Defendant's *pro se* response. Consequently, the Fifth Circuit dismissed Defendant's argument that the Court improperly used the 1999 conviction for purposes of computing his criminal history and sentence. Because the Court did not improperly use the conviction, trial counsel was not ineffective in failing to object to use of the conviction at sentencing. Defendant shows neither deficient performance nor actual prejudice under *Strickland*, and does not establish that, but for counsel's failure to object, Defendant would have received a lesser sentence.

Regardless, Defendant fails to establish, independent of the appeal, that trial counsel was ineffective in failing to object to the Court's computation of his sentence at sentencing. The record shows that, at sentencing, the Court made an upward departure in writing due to inadequacy of Defendant's criminal history. (Docket Entry No. 74.) In explaining the departure, the Court stated that, "The Court has considered the defendant's prior arrests for similar adult criminal conduct (as reflected in Paragraphs 52, 54, and 55), for which the guidelines did not account. The Court finds that a criminal history category of IV

under-represents the defendant's likelihood of recidivism and sentences the defendant as if the criminal history category were V." *Id*.

The record reveals the following at the sentencing hearing:

THE COURT: All right. That being the case, the Court is going to adopt the presentence report, and these will be the Court's guidelines findings and legal conclusions: The total offense level is 21, with a criminal history category of IV, yields a recommended period of imprisonment under the advisory guidelines of 57 to 71 months and a period of supervised release of one to three years; a fine range of 7500 to $75,000; and a 100-dollar special assessment. I noted in the presentence report in Part E, that the probation officer had identified a possible upward departure in this case. So, I would like to hear the government's position with respect to sentencing and any comments you have with respect to a potential upward departure in this case.

\*   \*   \*   \*

THE COURT: All right. Here's what I'm going to do: I've considered the Part E factors that may warrant departure in the presentence report, and I take Mr. Bainum at his word, that this plea agreement was a negotiated agreement with strengths and weaknesses on both sides. However, it appears to me that the defendant's criminal history is certainly underrepresented with a criminal history category of IV, *and so I'm going to sentence him at a criminal history category of V, based on the history of arrests for adult criminal conduct similar to the instant offense for which he was not convicted or which were too old to receive criminal history points*. So, I am going to increase the criminal history category to V, but I am going to keep the offense at 21, despite the fact that there were several firearms found at the defendant's residence upon his arrest. And I think that under the circumstances I probably could justify going up a level or two to maybe 23, but I'm going to keep the offense level at 21, but I am going to go up to a criminal history category of V. That yields a period of imprisonment under the advisory guidelines of 70 to 87 months. And I'm going to sentence him at the high end of that guideline range, 87 months, but I am going to credit him with 48 months of custody. So, does somebody want to do the math for me and let me know how many total months that leaves?

    MR. BAINUM:    Thirty-nine.

    MS. LAVERY:    I believe 39 months.

    PROBATION OFFICER:    Thirty-nine.

    THE COURT:    Thirty-nine months. So, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 39 months. And the Court intends for this sentence to run concurrently with the sentence in Louisiana and/or the Texas case, if it happens to be reinstated.

(Docket Entry No. 80, pp. 5, 18–20, emphasis added.)

The Court did not expressly reference the 1999 conviction. Defendant does not demonstrate that, had counsel objected to use of the 1999 conviction, it would have constituted reversible error for this Court to overrule the objection. Defendant further fails to show that, had counsel objected to use of the 1999 conviction, he would have received a lesser sentence. Similarly, Defendant fails to establish, independent of the appeal, that trial counsel was ineffective in failing to object to a total offense level of 24. He does not demonstrate that, had counsel objected to the offense level, it would have constituted reversible error for this Court to overrule the objection. Nor does Defendant show that, had counsel objected to the offense level of 24, he would have received a lesser sentence. In short, no ineffective assistance of counsel is shown.

The Government is entitled to summary judgment on these issues.

*Conclusion*

The Government's motion for summary judgment (Docket Entry No. 98) is GRANTED. Defendant's section 2255 motion (Docket Entry No. 93) is DENIED. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED to terminate the related civil case in this matter, C.A. No. H-15-0780.

Signed at Houston, Texas on November 30, 2015.

_____
Gray H. Miller
United States District Judge